Mr. Adams, this case will be docket 2-13-0456 in the state of Illinois, in the district of Cummins, v. Fernando Casas Jr. pending appellee. Partnering on behalf of the plaintiff's family, Mr. Adams, I would like to proceed now with partnering on behalf of the defendant's family, attorney Mark H. DeSantis. All right, are we ready to proceed, Mr. Adams? Good morning, and may it please the court and counsel. I am Assistant Attorney General Eldon Malamuth, here today on behalf of the appellant, the people of the state of Illinois. In this case, the people charged the defendant with violation of bail bond. The circuit court dismissed the charge as being filed outside the statute of limitations. The defendant was charged approximately 16 and a half years after forfeiting his bond, after violating his bond, and approximately 8 months after his apprehension. Counsel, it isn't real clear from what we have before us, because this case was old. Was this a state grand jury drug case, ultimately? The underlying case, exactly, Your Honor. So the defendant was charged with several counts. The most serious was a Class X felony involving the manufacture of cocaine. And that was an attorney general responsibility, generally, and so that's why you're here with us today. Exactly, that's why we're here today. I think you probably know the background pretty well. I mean, really, isn't the overarching question here is whether or not violation of bail bond statute is a continuing offense? Because if it's not, then you would have a problem. And I'm sure your opponent's going to say, and this is the original question I have for you, are we controlled by Grogan? Your Honor, you are not controlled by Grogan. The circuit court was indeed controlled by Grogan, but you as another appellate court, another circuit, are not. Of course, Grogan could be persuasive on this court if it indeed had a persuasive argument. But this court is not bound by Grogan and need not follow Grogan. I believe you're correct, yes. And then why shouldn't we? Because the Grogan had a very short argument and it didn't consider the issue in full. So violation of bail bond should be considered a continuing offense because that is the plain reading of the statute. So under 725 LCS 5-10-10, the defendant in this case had a duty to appear until discharged or final order of the court and to submit himself to the orders and process of the court. By the plain meaning of the statute, that duty continued even after his initial failure to appear. That duty did not cease. That duty did not terminate. That duty continued. And so did his violation of that duty. So you're saying it wasn't a single instantaneous act to be performed at a given time. Exactly, Your Honor. It's a continuing offense. So after he had some intuitive appeal, though, where did Grogan go wrong? Well, Your Honor, Grogan went wrong in a couple of respects. First of all, it considered the – its reasoning essentially was that there was no continuing threat to society. Of course, that should not be true. In this case, we had a criminal defendant who had been indicted with a Class X felony, a felony that the legislature deemed to be one of the most serious offenses that could be committed. And the, you know, probable cause hearing had been held and so forth. And the defendant was then at large. This is very similar, indeed, to the crime of escape, which this court and others have found to be a continuing violation. Like escape, they both involve defendants who are fleeing from and interfering with the criminal justice system and preventing public officers from punishing crimes and maintaining public safety. So Grogan first went wrong in not considering the threat that the continuing violation caused. Well, there was a threat ostensibly in this case, but somebody could be out for bail on a traffic violation, right? I mean, that wouldn't necessarily – it wouldn't necessarily be a threat in every case, would it? Well, Your Honor, the threat level, of course, could be different. In this case, as Your Honor indicates, it wasn't a traffic offense. It was a Class X felony. The same is true for escape. Escape could be from a prison for a convicted murderer, or it could be, as in some of the cases that this and other courts have held, to be a continuing violation of a lesser offense. So, for instance, in Miller, it was a theft case. In Esparza, it was – it's not actually clear what the underlying crime is from the case, but in that case, there was a teenager who was – his sentence was home confinement, and he fiddled with – took off his ankle bracelet. Now, clearly, a – the threat of someone charged with a Class X felony is comparable to the threat of someone who simply has home confinement. So, of course, the threat can be greater or lesser in any individual case. Okay, so they aired on that rationale. What else – where – how else did they air in their analysis in Grogan? Well, the – the Grogan court didn't fully look at the statute. They didn't – they simply said, oh, when he, at the time, you know, was committed, that was the commission. And it didn't look at – it didn't do an in-depth analysis of the plain meaning of the statute. It didn't address that the duty continued and hence that the violation continued. It didn't address Section 5, 3-8 in any depth. It simply said, oh, we don't see it as a series of offense. It didn't explain why. And, of course, it should be considered a continuing offense because the defendant continued not to submit himself to the orders and process of the court. What about the U.S. Supreme Court's case in Towsie v. United States, though, to register for the draft? Does that have any bearing in this analysis? Well, in Towsie, the Supreme Court looked at the issue of registering for the draft. And the court did an in-depth analysis of the history of military conscription. So it went back and it looked at all these – the statutes and it looked at the presidential directives. And it interpreted them. And what it said was, going back and looking at how drafts were done, the duty was not continuing. What it was is everyone had a duty who was under – who fit the provisions to go and register that day or within this five-day period, not to continue to do it afterwards. But that wasn't – so what the court did there was they looked at military conscription and these particular rules. More relevant to the case – to this case is the Supreme Court – the United States Supreme Court's decision in Bailey where they looked at escape. And escape – in that case in Bailey, they had no problem finding that escape was a continuing violation. They cited the continuing threat to society. They cited defendants – the convicts there – continuing duty to submit and to be in the custody of the state. So this is a – so Bailey was not contrary to Towsie and neither is the state's – the people's argument here. Does it make any difference in this case and others where this may be an issue that our defendant here, Mr. Costas, has actually been tried and found guilty of the offense? No, Your Honor. In terms of danger or threat or things of that nature or simply being on bond and failing to comply? Is that the basic type of threat? No, Your Honor. Sorry to interrupt. It's all right. No problem. Trials and absentia and violation of bail bond order can work together, but they address separate issues. So trial and absentia is important because the witness's memories might become hazy. Facts might become stale. And so there's an interest in having the trial sued, right? So in this case, defendant was able to avoid prosecution for 16 years. And, of course, there might have been – in that time, who knows what might have happened to the witnesses, where they might have gone. In violation of bail bond, there's no similar interest. There's no – nothing different would have happened. If the people had charged the defendant on the 31st day, we would still have been in the exact same place because we still – nothing would have happened until 16 and a half years later when he would have been apprehended. And the defendant would have been not – there would have been no disincentive on him to flee. So the obvious question is, since you could have brought this charge on the 31st day or whenever the 30 days had passed for him to rectify his failure to appear, why wasn't it done sooner? Well, again, Your Honor, the – we would have been in the exact same position. And it's the same with escape. When a defendant is committing one of these continuing violations, there's essentially no gain in charging him while he's not in custody, while he's on the loose. There's nothing to gain. Nothing would have been different. Now, when he's brought to justice, then the prosecution, then the people can decide. They can go through the ordinary course that prosecutors go through. They can see whether it would be a good use of resources. They can see whether there was some sort of extenuating circumstance that might affect whether the prosecutor decides to bring the charge or not. Well, let's assume, though – I mean, this case is a little different because he was tried in absentia and sentenced. And assuming that if they could find him ultimately, and they did, they had a warrant to take him into custody. If this had just been a bond forfeiture and a warrant on a charge and no trial had transpired, he could have been picked up 50 times. All there is out there is a judgment against his bond. If there was an active warrant for a violation of bail bond, then he could have been picked up. I mean, we don't know. Maybe he was stopped several times in different places across the state. And because he was using fake ID, nobody really knew who he was. Somehow this officer did. But what I'm saying is we have another warrant that's outstanding in this case, and that's to pick him up after his trial. What if there is no such warrant and you're not charging sooner? Aren't you letting this threat continue and not taking any steps to prevent it?  For him. Exactly. At the time of the when he jumps bail, there's already an arrest warrant issued at that time. It's not automatic, is it? It's standard procedure when during a bond forfeiture. Well, the judge isn't going to do it to his bond date. It's going to be asked for, right? Exactly, Your Honor. And that's asked for. And so that's already accomplished. Exactly right, Your Honor. So there's already an arrest warrant out for him. Again, nothing different would have happened. If he had been charged, absolutely nothing different would have happened. There would have been an open indictment for years and years and years, you know, an empty. Well, you probably wouldn't be here if something else would have happened. You wouldn't be here probably. Well, we would have been in the same position at the 16-and-a-half-year point. And hopefully going forward, there will be no difference. We're only here because of Brogan. I mean, if we were going to accede to your position that the violation unveiled by it is a continuing offense, then there wouldn't be any reason to get into your alternative argument. If we don't agree, if we were to follow Brogan, is there an alternative argument that the statute of limitations under the particular facts of this case was extended? And if so, how was it extended? That's exactly right, Your Honor. Here there's the fact that it's a continuing offense. And then there's an independently sufficient reason that defendant was not publicly resident in the state between the time he jumped bail and the time he was apprehended. So 720 IOCS 5-3-7 is very clear that the period within which a prosecution must be commenced does not include the time in which a defendant is not usually and publicly resident within the state. Now, the superseding information charged defendant with using a fake ID and alias to evade prosecution after he jumped bail. And under the plain meaning of the statute, a defendant using a fake ID and an alias is not publicly resident. Defendant seems to suggest that this provision might only apply, only applies if a defendant is actually physically outside the state, residing outside the state. But this would read the word publicly under the statute. I take it there's no case law on that specific point, whether he has to be in or out of the state, correct? Well, defendant certainly cites no case law to suggest that. The only case to approach the issue is the Rebia case. And in that case, a defendant was actually in custody. So the defendant was, defendant jumped bail and then was using an alias, separately, was then arrested on a different charge, was in jail for a couple of years, and then released. They never, they didn't figure out until afterwards that it was the same person. And in Rebia, that case, the court said, no, that time is told. It does not count, even though he was in custody because he was using an alias. He was using a fake ID. So that's the only case that we found that addressed the issue. And certainly, again, there's been no indication of what publicly could possibly mean, how it could possibly apply to a defendant who is using an alias and a fake ID. Was it specifically alleged in the indictment? The fact that he was not publicly present within the state? May I finish? Yes. It was specifically alleged that he used a fake identity between the time that he was jumped bail and the time he was apprehended. And under Morris, it's sufficient for the purposes of the indictment that the facts are alleged and that it's clear that those are the facts on which the people are going to rely to demonstrate that the charge was filed in a timely manner. Unless your honors have any further questions, we would ask this court to reverse the judgment of the circuit court. You'll have an opportunity to respond if you choose. Thank you. Counsel, I'm not going to try to save your last name because I don't want to mess up it. So it's OK. I apologize. 90% of letters right in any order for me. Mark is asking a police court. It is not a continuing offense. We think Grogan, while not binding authority on this court, should be followed. Curiously, Grogan came out a few years before Mr. Costas's situation existed, and I don't believe there is a sufficient explanation as to why not within that time frame. The cases cited by the attorney general all hinge upon the position that it is a specifically analogous situation to escape. It is not. So let's set that aside. Here's the thing that's working in my mind here. Sure. We can agree that one of the fundamental purposes of the bail statute is to ensure that the defendant appears in court and complies with the terms and conditions of bail. Correct? Correct. So if we were to hold it's not a continuing offense, wouldn't it be a disincentive for a defendant to come to court in contravention of the purposes of the bail statute? No. Why? Well, because if you don't come to court, you have a warrant for your arrest, and you eventually will be arrested, would be the hope. That's why a warrant is issued. Secondly, the exact situation… Could you forestall a day of judgment indefinitely? I mean, as we know, we heard an argument this morning, coincidentally, where cases get old, witnesses, their memories fade, people move, they can't find them. So, I mean, you're saying that there's no difference if you're trying within 30 days or 30 years? No, I'm saying there is a difference, and the difference is totally within the prosecuting body. Trial and abstention exists. Trial and abstention existed in this case. Mr. Casas did not have and forfeited the right to be there to present a defense. He forfeited the right to negotiate a disposition short of a trial. He forfeited all those rights and was sentenced to 20 years, which is not the statutory minimum for that offense. But in this particular offense, if it's not a continuing offense and three years pass, you're off the hook on the violation of bail by statute, are you not? That's your argument. Yes. Yes. Okay. But off the hook, in the instance, does not mean avoiding punishment. You're picked up on that matter in this instance. You have 20 years. The only thing for a judge to do is to commit you to the Department of Corrections to serve your sentence. Well, you can challenge that trial and abstention on all sorts of bases. A right to appeal exists, but what you're appealing is the fact that there's been a trial already. You're at an extreme disadvantage, and you have paid a price by that. Separate and apart, though, from the new offense of violation of bail bond. Separate and apart from the new offense of violation of bail bond, but the new offense of violation of bail bond is specific. Reading the plain meaning of that statute, it says a bond forfeiture plus 30 days. It's not saying a bond forfeiture in some other language, which would put it out more in the continuing course of conduct argument that the Attorney General is making. It sets time limits, plain meaning. Time limits thus indicate time limits. Are there any underlying public policy issues that bear on whether it should be held a continuing offense or a finite offense? Well, I think there are always public policy issues on all sides, if I may. I think this is not analogous to escape because it is radically different when there is in custody versus out of custody. In custody, a judge has determined that you're not going to get out based upon whatever circumstances of the case. Sometimes it's the mere inability to post bail. Sometimes it's the seriousness of the offense. You have posted bail. In custody, it's different than on bail. The Nevada case, I think it was Woolsey. And that goes against your position in Nevada. Well, the Nevada case had some interesting language in there. It stated the privilege of – in Nevada, when you're released, they specifically held that the privilege of release does not end custody. Illinois, custody does not indicate bail. It's different. That's why there's a charge of escape. You're in custody. You run away from your responsibilities. You're charged with escape. You've left the jurisdiction. That has been, per case law, now gone down to an electronic home monitoring device. You cut that off, you're charged with escape because it's considered in custody. I don't think there would be a defense counsel in Illinois that would not want to know that there's some in-custody provisions beyond bail. Think of the time-conserving circumstances. And it's different. So I can argue there's public policy on that side. I would be lying if I said I didn't understand what the government – or, excuse me, what the Attorney General is saying. Yes, there's some sort of – some overlapping public interest in wanting people to come to court to face their responsibilities. But it's totally within their purview on how they can try somebody in abstention, as stated often, they have. They can also charge somebody. In this instance, within three years. If it's important enough for them to want to do it, do it within the three-year time frame. It was known then, and Grogan existed then. They chose not to. Sixteen years later, they're saying that it doesn't – that there's no effect 15 years later, 16 years later. There could be. There could be scenarios of defense that would not be open to the defendant. Of course, it bears on his responsibility a lot. But the fact is, is whether to charge this exists solely within their purview. Plaining of the statute says that purview ends three years afterwards. If you haven't – another way to look at it, if you haven't charged it within three years, maybe it's not important enough for you to charge. Counsel said if it had been charged within that three years, we wouldn't be here. Do you think that's true? If it was charged within three years, we wouldn't be here. Well, we would be fighting a case in the Circuit Court of DuPage County on the charge of violation of bail bond. So we wouldn't be here. It would have existed. Could the defense have proffered some defenses as to why that charge shouldn't lie? Yes, it always exists. But, sure, we wouldn't be here now. If they were to follow Grogan, we wouldn't have been here. If they chose to just file it within that time frame, we wouldn't be here. With that argument, unless there's any other questions, the points that I wanted to cover on my argument – Do you want to address any part of the in-the-state or out-of-the-state using the fake ID? Or you're standing on this one? I'll stand on that part, except to say that I think that's an issue as far as the facts of it that may be better heard by a trial court in regards to the matter as far as specifically whether a fake ID does exist under the purview of the statute is not usually or publicly a resident in the state. I understand there are arguments. Reasonable people can make reasonable arguments on all sides all the time. But I think that would be something that the trial court would be in a better position to hear arguments and facts in regards to that. Just a second. Just a second. All right. Thank you, counsel. Thank you. Mr. Malmos, any response? Just a couple of hopefully very brief points, Your Honor. First of all, there's no relevant difference between the Nevada and Illinois laws with respect to bail and custody. In both, a charged defendant is in physical custody, is then released upon bail from physical custody, but only upon the proviso that he or she returns, follows the conditions of bail. So there's no relevant difference in custody law and bail between Nevada and Illinois. Now, turning for a second to defendant's argument about trials and absentia, his argument about trials and absentia really isn't that violation of bail bond shouldn't be considered a continuing offense. Really, it's an argument that violation of bail bond is unnecessary. According to him, we have a trial and absentia. That's enough. And so we don't need a violation of bail bond offense. But clearly, the legislature disagreed. That is a crime. And the legislature believed it's important to provide the disincentives that we talked about earlier. So with that, unless the court has any other questions, again, we ask this court to reverse the judgment of the circuit court. Thank you. Thank you, counsel, for your arguments today. We will take the matter under advisement. We will render a decision in due course. And this court now stands adjourned for the day. Thank you.